**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

APR 29 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00493-BNB

TYRON SMALL,

       Plaintiff,

v.

DISTRICT ATTORNEY, who was prosacutor [sic] of the sexual assualt [sic] case
       against me in the months of July 2009, to May 2010, and
LAQUANESHA WHEATEN,

       Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Tyron Small, is in the custody of the Colorado Department of

Corrections (DOC) and is currently incarcerated at the Colorado State Penitentiary in

Canon City, Colorado. He initiated this action by filing a prisoner complaint on February

28, 2011, and an amended complaint on March 24, 2011. He has been granted leave

to proceed *in forma pauperis* without payment of an initial partial filing fee.

The Court must construe the amended complaint liberally because Mr. Small is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons

stated below, Mr. Small will be ordered to file an second amended complaint.

In the amended complaint, Mr. Small asserts jurisdiction pursuant to 28 U.S.C.

§ 1343 and 42 U.S.C. § 1983. Mr. Small alleges that in March of 2009, Defendant

Laquanesha Wheaten accused him of sexually assaulting her. He asserts that he was charged with six counts of sexual assault by the Prosecutor for the El Paso County, Colorado, District Court in July of 2009. Mr. Small further alleges that, after a jury trial, he was acquitted of all charges. He brings claims against the El Paso County Prosecutor for malicious prosecution, and against Defendant Wheaten for "false accusation, depression, pain, suffering, embrassment [sic], and slander." Amended Complaint at 5. Mr. Small does not include any request for relief in the amended complaint.

Mr. Small has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

As set forth above, Mr. Small asserts claims against the El Paso County Prosecutor. However, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutorial immunity generally does not extend to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative

2

officer rather than that of advocate." *Imbler*, 424 U.S. at 430-31. In addition, "'[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant*, 870 F.2d at 1138 (citation omitted). Here, Mr. Small's claims against the El Paso County Prosecutor involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, the El Paso County Prosecutor does not appear to be a proper party to this action.

Second, Mr. Small's claims against Defendant Wheaten are not asserted properly pursuant to § 1983 because Mr. Small does not assert that this Defendant was acting under color of state law. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in

3

accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).  Because Mr. Small does not assert that Defendant Wheaten was acting under color of state law, this Defendant is not a proper party to a § 1983 action.

Finally, Mr. Small also must assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Small must name and show how named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Small, therefore, will be directed to file a second amended complaint that names only proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  In order for Mr. Small to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

4

ORDERED that Plaintiff, Tyron Small, file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Small, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Small fails to file a second amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED April 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00493-BNB

Tyron Small
Prisoner No.  150307
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 29, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
Deputy Clerk